UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VICTOR MORONES-RAMIREZ,

Petitioner,

v.

BRIAN ENGLISH,

Respondent.

CAUSE NO. 3:26-CV-396-CCB-SJF

## ORDER

Immigration detainee Victor Morones-Ramirez, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. The petition is fully briefed and ready for ruling. ECF 6, 7.

Morones-Ramirez is a native and citizen of Mexico who entered the United States without inspection in 2000. ECF 1-1 at 4, 21. On October 16, 2025, the Department of Homeland Security (DHS) arrested Morones-Ramirez and placed him in removal proceedings, charging him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without being admitted or paroled. *Id.* at 4-7.

After his arrest, Morones-Ramirez applied for Cancellation of Removal for Non-Permanent Residents under INA § 240A(b)(1). ECF 1-1 at 15. He then requested a custody redetermination pursuant to 8 C.F.R. § 1236, which was initially denied by an immigration judge because the judge believed the court did not have jurisdiction to set bond. *Id.* at 10. Morones-Ramirez filed a habeas petition in the Northern District of

Indiana, and the court found he was being detained under 8 U.S.C. § 1226(a), granted his habeas petition, and instructed DHS to provide him a custody redetermination hearing. *Id.* at 111-21.

On January 30, 2026, an immigration judge denied Morones-Ramirez' application for Cancellation of Removal and granted post-conclusion voluntary departure. ECF 1-1 at 59-62. Morones-Ramirez has appealed that decision, and his appeal is currently pending before the Board of Immigration Appeals (BIA).

On March 3, 2026, an immigration judge held a custody redetermination hearing pursuant to this court's order and denied release, concluding Morones-Ramirez failed to meet his burden to demonstrate he was not a flight risk. ECF 1-1 at 67, 145. The immigration judge reasoned Morones-Ramirez would not depart the United States if the BIA affirmed her decision denying his relief from removal. *Id.* at 145. Morones-Ramirez did not appeal the immigration judge's decision denying bond to the BIA. ECF 1 at 11.

Morones-Ramirez has now filed a second habeas corpus petition with this court, arguing his prior custody redetermination hearing violated due process because the burden was unconstitutionally placed on him to demonstrate he was not a danger to the community or a flight risk. ECF 1. He requests either his immediate release or a new custody redetermination hearing where the burden is on the government to justify his continued detention by clear and convincing evidence. In his response, the warden argues this petition should be dismissed because Morones-Ramirez did not exhaust his

available administrative remedies before filing this lawsuit, as he did not appeal the immigration judge's decision denying bond to the BIA. ECF 6 at 16-18.

The Attorney General has delegated his discretion under § 1226(a) to release a noncitizen from detention during removal proceedings by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). The noncitizen may appeal the immigration judge's decision on custody redetermination to the Board of Immigration Appeals. 8 C.F.R. § 236.1(d)(3).

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). But where "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be accomplished. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). In exercising

3

discretion whether to depart from the general rule, the court considers "the nature of the claim presented and the characteristics of the particular administrative procedure provided," *McCarthy*, 503 U.S. at 146, always cognizant that "individual interests demand that exhaustion be excused" when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002)).

Here, it is undisputed Morones-Ramirez did not appeal the immigration judge's decision denying bond to the BIA. This court previously has held that a discretionary detainee held under § 1226(a) should exhaust his available remedies before bringing his habeas corpus petition. *See Singh v. English*, No. 3:25-cv-1046-CCB-SJF, 2026 WL 775558 (N.D. Ind. Mar. 19, 2026), *citing Uddin v. Lowe*, No. 3:16-cv-2561, 2017 WL 2960791, at *3 (M.D. Penn. July 11, 2017) (concluding that "discretionary detainees held under 8 U.S.C. § 1226(a) have a whole set of available administrative remedies that should be exhausted before a petition for writ of habeas corpus would be necessary," including fully appealing the denial of a bond redetermination to the BIA.). The fact the petitioner chose not to file an appeal does not excuse his need to exhaust. *See Bartolon v. Bondi*, 813 F. Supp. 3d 811, 825 (S.D. Ohio Dec. 18, 2025) ("Petitioner's apparent failure to timely file a notice of appeal with the BIA regarding his first bond denial is also insufficient to deem exhaustion futile, as exhaustion may not be achieved through a litigant's procedural default of his or

her available remedies. Moreover, waiver is inappropriate here because, if the exhaustion requirement were waived in every case where a party failed to timely file for an administrative appeal, then any party could obtain judicial review of initial agency actions simply by waiting for the administrative appeal period to run and then filing an action in district court.") (citation and quotation marks omitted).

Morones-Ramirez argues it would have been futile to appeal the immigration judge's bond decision to the BIA because he is seeking to vindicate his constitutional rights and the BIA lacks jurisdiction to adjudicate constitutional claims. ECF 1 at 11; ECF 7 at 12-13. It is true that "an exception to the exhaustion requirement has been carved out for constitutional challenges to agency procedures because the BIA has no jurisdiction to adjudicate constitutional issues." *Gonzalez*, 355 F.3d at 1017 (cleaned up). But Morones-Ramirez's optional question on appeal – whether the immigration judge erred in weighing the evidence and concluding he posed a flight risk—is a question within the BIA's jurisdiction and which it is well equipped to address. *See Gonzalez v. Maples*, No. 4:26-CV-22-TWP-KMB, 2026 WL 1073846, at *5 (S.D. Ind. Apr. 20, 2026) (requiring the petitioner to exhaust her argument that the government should bear the burden of proof at a bond hearing because "the constitutional claim overlaps substantially with a specific administrative decision."). And a ruling in Morones-Ramirez's favor would grant him the relief he seeks and obviate the need to rule on the constitutional claims he raises in his habeas petition. *See Khan v. Attorney General*, 448 F.3d 226, 236 n.8 (3rd Cir. 2006) (though exhaustion "is not always required when the petitioner advances a due process claim," the court looks beyond the "due process label" and considers whether a

purported due process claim "amounts to a procedural error correctible through the administrative process"); *In re Establishment Inspection of Kohler Co.*, 935 F.2d 810, 812-13 (7th Cir. 1991) (noting that the rationale for requiring exhaustion "may be even stronger in the context of a case, like this one, that raises a constitutional question," as "the exhaustion requirement enables courts to avoid deciding cases on constitutional grounds unnecessarily; during administrative proceedings the constitutional issue, or the entire case, for that matter, may be resolved favorably for the aggrieved party, obviating the need for the courts to address the constitutional claim."). Here, a decision from the BIA in Morones-Ramirez' favor may have altered the immigration judge's decision and rendered the claims in his habeas petition moot. Accordingly, Morones-Ramirez's petition for writ of habeas corpus will be dismissed without prejudice and subject to renewal should he exhaust his available administrative remedies as discussed herein.

For these reasons, the court **DENIES** the petition for a writ of habeas corpus (ECF 1).

SO ORDERED on May 26, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT